**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CLARENCE D SCHREANE,** : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:CV-15-0146 |
| v. : | |
| : | (Judge Caputo) |
| **WARDEN DAVID EBBERT,** : | |
| : | |
| Respondent : | |

**M E M O R A N D U M**

**I.   Introduction**

On January 22, 2015, Clarence Schreane, a federal inmate confined to the United States Penitentiary in Lewisburg, Pennsylvania (USP Lewisburg), filed the above captioned habeas petition. He seeks the court to compel the Bureau of Prisons (BOP) to produce an investigative report on a former BOP staff member who worked at USP Pollock, in Pollock, Louisiana. Also pending before the court is Mr. Schreane's Motion to Compel the Production of Documents.

For the reasons that follow, the habeas petition will be dismissed and the motion to compel denied.

**II.   Standard of Review**

Federal law provides two main avenues of relief to incarcerated persons: a petition for writ of habeas and a civil-rights complaint. *See Muhammad v. Close*, 540 U.S. 749, 750, 125 S.Ct. 1303, 1304, 158 L.Ed.2d 32 (2004) (per curiam). "Although both § 1983

and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose or effect." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500, 92 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad*, 540 U.S. at 750, 124 S.Ct. at 1304. "[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Leamer*, 288 F.3d at 542.[1] In sum, federal habeas relief is unavailable unless the petition attacks the "validity of the continued conviction or the fact or length of the sentence." *Id*., 288 F.3d at 542.

### III.  Background

Mr. Schreane was housed at USP Pollock in November 2007. At that time, inmates were not allowed to enter housing units to which they were not assigned. (Doc. 2, Mem. in Supp. Pet. for Habeas Corpus, ECF p. 2.) This rule was enacted as a result of recent assaults at the institution. In April 2008, Mr. Schreane noticed that Officer Beemon would allow specific inmates from other housing units she previously supervised to enter Mr.

---

[1] As a § 1983 action applies only to state actions, it is not available to federal prisoners; the federal counterpart is an action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), alleging deprivation of a constitutional right. Courts have interpreted a *Bivens* action as "the federal equivalent of the § 1983 cause of action against state actors" and exists where federal officers, acting under color of federal law, violate a plaintiff's constitutional rights. *See Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001).

Schreane's housing unit, A-2.  On May 1, 2008, Mr. Schreane complained to Officer Beemon that her practice of allowing inmate visitors was "causing unit A2-housing to become unsafe." (*Id.*)  Officer Beemon advised inmates from the other housing units who sought to visit that "Mr. Schreane snitched" on them.  (*Id.*)  Mr. Schreane was assaulted by an inmate later that day.  Mr. Schreane contends it was because Officer Beemon labeled him a snitch.  (*Id.*)

Mr. Schreane filed a *Bivens* action against the Warden at USP Pollock, his Unit Manager and Officer Beaumont concerning his assault.  *See* Doc. 6, ECF p. 3.  Summary judgment was granted in favor of all defendants.  *See* Doc. 6-1, ECF pp. 1 - 16.  The United States Court of Appeals for the Fifth Circuit denied Mr. Schreane's appeal, and that the United States Supreme Court denied his petition for writ of certiorari in December 2014. (*Id.*, ECF p. 15.)

In his present habeas matter Mr. Schreane seeks "the court to order / compel the production" of "the investigative report on T. Beemon, that should have been disclosed to Mr. Schreane, that would be relevant to this matter to show and prove the credibility, and faith of T. Beeman, that would prove her conduct, and violating prison policy, and constitutional right of Mr. Schreane." (*Id.*, ECF pp. 4 - 5.)  He claims that in 2010, Officer Beeman was investigated by the BOP "and was later escorted off the premises of USP Pollock for bring (sic) cell-phone to inmates and introducing contraband into the institution." (*Id*, ECF p. 24.)  Mr. Schreane's Freedom of Information Act (FOIA) request for this information was denied in accordance with 5 U.S.C. § 552(b)(7)(C) on July 17, 2014, by

-3-

the Department of Justice.  (*Id*., ECF p. 31.)  Mr. Schreane filed an appeal with the Office of Information Policy, U.S. Department of Justice in Washington, D.C.  (*Id*., ECF pp. 32 - 33.)

On March 22, 2015, Mr. Schreane filed a Motion to Compel in the present matter.  (Doc. 9.)  He claims that on February 20, 2014, while housed at USP Lewisburg he was improperly placed in ambulatory restraints.  (*Id*., ECF p. 2.)  He seeks copies of any video surveillance records of the "barbarous treatment" he suffered at the hands of USP Lewisburg officials.  (*Id*.)

On May 6, 2015, Mr. Schreane filed a "Notice" with the court asking to substitute the Respondent in this action to the Office of Information Policy as this in the entity that denied his FOIA appeal.  (Doc. 10.)

**IV.** **Discussion**

    **A.** **Mr. Schreane's Motion to Compel**

The court takes judicial notice of the docket in *Schreane v. Marr*, 3:CV-15-1204 (M.D. Pa.) which is also pending before this court.  In that *Bivens* matter, Mr. Schreane is pursuing an Eighth Amendment claim related to the February 20, 2014 use of force event at USP Lewisburg.  If Mr. Schreane discovery related to that matter, he must pursue it in that action, not here.  Accordingly, Mr. Schreane's motion to compel will be denied.

### B. Proper Respondent in Habeas Actions

In a federal habeas corpus proceeding like that commenced by the Mr. Schreane, it is well settled that the warden of the institution where the inmate is currently incarcerated is the only proper respondent. *Rumsfield v. Padilla*, 542 U.S. 426, 434 - 35, 124 S.Ct. 2711, 2717, 159 L.Ed.2d 513 (2004); *Yi v. Maugans*, 24 F.3d 500 (3d Cir. 1994); United States v. Kennedy, 851 F.2d 689 (3d Cir.1988).  As such, the court will not substitute the respondent in this action with the Office of Information Policy.

### C. Mr. Schreane may not Challenge the denial of his FOIA Request in a Habeas Proceeding.

FOIA provides that an agency must make certain records available to a member of the public who submits a proper request.  5 U.S.C. § 552(a).  Federal courts have jurisdiction under FOIA to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).

From a careful review of the Petition, it is clear that Mr. Schreane does not claim entitlement to a speedier or immediate release from custody.  Nor does he challenge the legality of his present incarceration.  He has clarified that he seeks to challenge the denial of his FOIA request related to the BOP's internal investigation into Officer Beemon's alleged introduction of contraband into USP Pollock in 2010.  The investigative report sought is unrelated to any challenge of his federal sentence.  Accordingly, this matter will

be dismissed without prejudice to any right Mr. Schreane may have challenge the denial of his FOIA claim via a properly filed action pursuant to 5 U.S.C. § 552.

    An appropriate Order follows.

                                    **/s/ A. Richard Caputo**
                                    **A. RICHARD CAPUTO**
                                    **United States District Judge**

**Date:  December 14, 2015**